ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 AUG -3 PM 3: 27

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ANTHONY BURNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 106-105 |
| ) | |
| LOGAN MARSHALL, Sheriff of McDuffie ) | |
| County, and THURBERT E. BAKER, ) | |
| Attorney General of the State of Georgia, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The captioned matter is before the Court on Plaintiff's motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff be **DENIED** leave to proceed IFP (doc. no. 2) and that this case be **DISMISSED**.

I. **BACKGROUND**

Plaintiff, an inmate at Autry State Prison in Pelham, Georgia, brought the matter pursuant to 42 U.S.C. § 1983. An examination of the complaint shows that it is an attempt

to challenge his 1998 conviction for murder in the Superior Court of McDuffie County, Georgia. See generally Compl. As relief, Plaintiff requests the Court to order Defendant Logan Marshall, the Sheriff of McDuffie County, to arrest "Larry Hook," whom Plaintiff alleges is the real murderer. Id. at 11. Plaintiff also demands that he be "resentenced." Id.

Plaintiff has a lengthy history of attempting to challenge his conviction in this Court, alternately using § 1983, 28 U.S.C. § 2254, and 28 U.S.C. § 2241 as procedural vehicles for his claims. This Court has recounted Plaintiff's filing history at length elsewhere, and sees no need to do so again here.[1] Nevertheless, it should be noted that Petitioner's first petition for writ of habeas corpus was dismissed as time-barred by the applicable statute of limitations.[2] See Burnett v. Thompson, CV 102-057, (S.D. Ga. Jan. 7, 2003), *aff'd*, No. 03-12716, 92 Fed. Appx. 781 (11th Cir. Jan. 30, 2004) (Table), *cert. denied*, 541 U.S. 993 (Apr. 19, 2004). Also noteworthy, Plaintiff is a so-called "three strikes" offender pursuant to 28 U.S.C. § 1915(g).[3] See CV 104-161, doc. no. 5, p. 3 (discussing Plaintiff's frivolous case

---

[1] See Burnett v. Head, CV 105-115 (S.D. Ga. Feb. 22, 2006); Burnett v. Head, CV 104-195 (S.D. Ga. Feb. 1, 2005); Burnett v. Head, CV 104-161 (S.D. Ga. Nov. 30, 2004).

[2] The dismissal of a petition for writ of habeas corpus as time-barred renders any subsequent petitions second or successive. See Murray v. Greiner, 394 F.3d 78, 79 (2d Cir. 2005); see also Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005) (Posner, J.) (noting in § 2254 case that "dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation"). Of course, given that Petitioner's first habeas petition was untimely, the instant case is likewise barred by the applicable statute of limitations. See 28 U.S.C. § 2244(d) (setting one-year statute of limitations on § 2254 petitions).

[3] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

2

filing history).

## II. DISCUSSION

The instant case is subject to dismissal on several grounds. First, Plaintiff has failed to state a viable § 1983 claim. Plaintiff may not challenge his conviction in a civil rights complaint under § 1983. It is well-settled that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In addition, when an inmate's allegations rest on the invalidity of his imprisonment, any viable § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. See id. at 483. Also, to the extent Plaintiff seeks to demand the prosecution of "Larry Hook," "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Furthermore, even if Plaintiff's claims were otherwise cognizable under § 1983, he is barred from proceeding IFP in a civil rights action under § 1983 by § 1915(g)'s three-strikes rule.[4]

Second, Plaintiff's complaint is the functional equivalent of a second or successive petition for writ of habeas corpus filed without the requisite permission from the Eleventh

---

prisoner is under imminent danger of serious physical injury.

[4]Plaintiff does not allege that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

3

Circuit.[5] See 28 U.S.C. § 2244(b) (no second or successive petition without permission from court of appeals). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications.[6] In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Simply put, whether characterized as a civil rights complaint under § 1983 or as a habeas petition, the instant suit is subject to *sua sponte* dismissal.

### III.  CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff be **DENIED** leave to proceed IFP (doc. no. 2) and that this case be **DISMISSED**.

SO REPORTED AND RECOMMENDED this 3rd day of August, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] An inmate may not circumvent the restrictions on filing second or successive habeas petitions by artfully labeling his case as brought pursuant to § 1983. See Hill v. McDonough, __ U.S. __, 126 S. Ct. 2096, 2103 (2006) (recognizing possibility of recharacterizing artfully labeled § 1983 complaint as second or successive habeas petition in appropriate cases); cf. Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 2647-48 (2005) (explaining that prisoner may not use Fed. R. Civ. P. 60(b) to circumvent restrictions on second or successive petitions); Medberry v. Crosby, 351 F.3d 1049, 1061-62 (11th Cir. 2003) (explaining that prisoner may not use § 2241 to circumvent restrictions applicable to § 2254 petitions).

[6] The Eleventh Circuit recently denied Plaintiff leave to file a second or successive habeas corpus petition. See In re Burnett, No. 05-16565-J (11th Cir. Dec. 20, 2005).

# United States District Court
## *Southern District of Georgia*

Anthony Burnett )

vs )   CASE NUMBER   CV106-105

Logan Marshall, Sheriff, et al. )   DIVISION   AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 8/3/06 , which is part of the official record of this case.

Date of Mailing:   8/3/06

Date of Certificate   [X] same date,   or _____

Scott L. Poff, Clerk

By: L. Flanders
Deputy Clerk

<u>Name and Address</u>

Anthony Burnett, GDC #167895, Autry State Prison, P. O. Box 648, Pelham, Ga. 31779

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate